IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**EVERGREEN SPECIALTIES, INC.,**

           **Plaintiff,**

v.                                            Civil No. 2:06cv546

**TIDEWATER FIBRE CORP. and
STEVE VENTO,**

           **Defendants.**

## OPINION & ORDER

This matter came before the Court on Defendant Tidewater Fibre Corp.'s ("Defendant" or "TFC") Motion for Entry of Judgment as to its counterclaim. Docs. 40, 41. The Court previously held a hearing and issued an Order (Doc. 38) on Defendant's Motion for Default Judgment (Doc. 27), and held that to avoid default "Plaintiff must file a verified answer setting forth its defense to Defendant's counterclaim, specifying the individual invoice or invoices to which its defense applies" and "[u]pon the receipt of such filing, the Court will set aside the entry of default as to any invoice in the counterclaim to which a legitimate defense is asserted." Doc. 38 at 1-2. Defendant contends that Plaintiff failed to comply with this Order when it admitted liability for invoices totaling $123,892.10. Doc. 41 at 2-3. This admission is verified by Plaintiff's Answer. Doc. 39 ¶ 16. Because Plaintiff admitted liability for invoices valued at $123,892.10 and has filed no response to Defendant's Motion, Defendant's Motion is **GRANTED**.

## I. Procedural History[1]

This matter was initially filed with the United States District Court for the District of New Jersey on March 20, 2006. Doc. 29, Ex. 1. Defendants filed a Motion to Transfer the Case to the United States District Court, Norfolk Division, Pursuant to 28 U.S.C. § 1404(a) on June 26, 2006 (Doc. 12). That same day, Defendants answered Plaintiff's Complaint (Doc. 14) and Defendant TFC filed a Counterclaim against Plaintiff (Doc. 15).[2] The United States District Court for the District of New Jersey issued an Order granting Defendants' Motion to Transfer on September 26, 2006. Docs. 19, 20. This Court acknowledged receipt of the Transfer Order by letter on October 2, 2006 (Doc. 22, NJ Docket), and sent a letter acknowledging receipt the case on October 10, 2006 (Doc. 23, NJ Docket).

The Clerk entered default in favor of TFC's Counterclaim on November 16, 2006, pursuant to its Motion and Request for Default Judgment, because Plaintiff had not yet answered Defendant's counterclaim. Docs. 26, 27. This Court heard argument on Defendant TFC's Motion for Default Judgment (Doc. 27) and Plaintiff's Motion to Vacate Entry of Default and Motion for Leave to File Responsive Pleadings to Defendant's Counterclaim Out of Time (Docs. 28, 29) on December 21, 2006. Doc. 37. The Court ruled from the bench and issued a written Order the next day, denying Defendant's Motion for Default Judgment and granting Plaintiff's Motion to File its Answer Out of Time. Docs. 37, 38. The Court granted Plaintiff's Motion on

---

[1]This procedural history does not reflect the complete procedural history as to this matter, but only those proceedings relevant to the present motions.

[2]In response to the Complaint, the other Defendant, Steve Vento, filed an Answer and Motion to Transfer; Mr. Vento is not a party to the Counterclaim. Doc. 32 at 1, n.1.

the condition that "Plaintiff must file a verified answer setting forth its defense to Defendants' counterclaim, specifying the individual invoice or invoices to which its defense applies, within twenty (20) days of December 21, 2006. Upon the receipt of such filing, the Court will set aside the entry of default as to any invoice in the counterclaim to which a legitimate defense is asserted." Doc. 38 at 1-2.

Defendant TFC filed the instant Motion for Entry of Judgment and Memorandum in Support on January 22, 2007, in which it asserts that Plaintiff failed to comply with the Court's condition that Plaintiff assert a defense to invoices totaling $123,892.10. Docs. 40, 41. Defendant incorporates into its Motion those arguments asserted in its Counterclaim and Memorandum of Support. Doc. 41 at 1, n.1. Plaintiff has not filed any pleading in opposition.

## II. FACTUAL BACKGROUND

### A. The Contract

This dispute stems from a contract between Plaintiff and Defendants TFC and Steve Vento, whereby Plaintiff would purchase waste paper[3] from TFC through its employee, Steve Vento,[4] and have it shipped to India. Doc. 1 ¶ 1; Doc. 14 ¶ 10. Plaintiff maintains that it had a "normal" business relationship with Defendants from early fall 2003 through summer 2005, and that all waste paper orders were properly filled and delivered to India during this time. Id. ¶ 11.

---

[3] The "single stream" waste paper is derived from the curbside pick-up of paper, which is sorted on a conveyor belt and then bundled into bales containing no less than 85% waste paper. Doc. 1 ¶ 9. The percentage of paper to household waste is disputed by Defendant TFC. Doc. 14 ¶¶ 8-9.

[4] Steve Vento is not a party to the instant Motion for Judgment, as he is not a party to the Counterclaim. See Doc. 32 at 1, n.1; Doc. 40; Doc. 41. Defendants further deny that Steve Vento is a proper party to Plaintiff's Complaint. Doc. 14 ¶ 10.

In July and August of 2005, however, Plaintiff claims that instead of shipping waste paper from TFC's facility in Virginia to Tuticorin, India, TFC sent over eighty (80) containers of garbage. Id. ¶¶ 1, 12. Nearly half—forty (40)—of the containers were refused entry to India and were returned to Norfolk, Virginia. Id. Plaintiff claims that it paid for the majority of what was supposed to be waste paper, as well as demurage, detainage, disposal and shipping costs for the containers which were improperly loaded with garbage.[5] Id.

## B. Defendant TFC's Counterclaim

Defendant TFC has counterclaimed under a breach of contract theory. Doc. 15 ¶ 16. Specifically, Defendant TFC denies that it was responsible for shipping any materials to India and that it ever shipped the materials to India. Doc. 14 ¶¶ 12, 14. Defendant claims that its responsibilities under the contract ended with delivery of the materials to Plaintiff at Norfolk, Virginia. Id. ¶ 14. Accordingly, TFC contends its responsibilities under the contract were fulfilled when the waste paper contracted-for by Plaintiff was timely delivered by Defendant to

---

[5]Plaintiff alleges two (2) counts pursuant to which it seeks those damages contained in a number of invoices executed pursuant to its contract with Defendants. Plaintiff's claim for damages under Count 1 is grounded in two (2) invoices for the forty (40) containers of alleged garbage that were denied entry to India and were returned to Norfolk, Va. Doc. 1 ¶ 18. This shipment was made under invoice numbers 5/11918/25 ("Invoice 1") and 5/11908/15 ("Invoice 2"). Id. For costs enumerated in paragraph eighteen (18) of Plaintiff's Complaint, Plaintiff seeks damages in Invoice 1 of $75,740.85 and damages in Invoice 2 for $181,513.51. Id. ¶ 18.

Plaintiff's claim for damages in Count 2 is grounded in ten (10) containers allegedly filled with garbage, but which Plaintiff was allowed to dispose of, incurring losses or expenses totaling $11,583.31. Id. ¶ 20. Plaintiff's claim for damages in Count 2 is also alleged pursuant to Invoice 1T-012 ("Invoice 3"), for thirty-six (36) containers that were alleged to carry garbage instead of waste paper, incurring an alleged total cost of $135,323.36. Id. ¶ 21. Plaintiff contends that additional damages may be alleged in the future for anticipated costs associated with its claim. Id. ¶ 22.

In addition to compensatory damages, Plaintiff seeks consequential damages, pre- and post-judgment interest, attorneys fees and costs of suit, and any other relief the Court deems just and proper. Id. ¶¶ 18, 22.

Norfolk, Virginia and was accepted there by Plaintiff.  Doc. 15 ¶ 6.  TFC alleges that it sent invoices to Plaintiff which remain unpaid.  Id. ¶ 7.  Further, Plaintiff did not timely reject the goods delivered to Norfolk, Virginia.  Id. ¶ 8.  Therefore, because the goods were accepted by Plaintiff and not timely rejected, Defendant TFC claims that it is owed $179,165.24 in damages, due to Plaintiff's failure to pay the invoices owed to Defendant.  Id. ¶ 11.

It is this Counterclaim that is the subject of the instant Motion for Judgment.  Doc. 41.

## II. STANDARD OF REVIEW

### A. Default Judgment: Rule 55

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgment in this Court.  See FED. R. CIV. P. 55.  Pertinent to the instant matter, Rule 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  FED. R. CIV. P. 55(c).

The decision whether or not to set aside an entry of default, pursuant to Rule 55(c) rests in the sound discretion of the court.  Moran v. Mitchell, 354 F. Supp. 86, 87 (E.D. Va. 1973).  "Since the entry of default, as opposed to an actual default judgment, is interlocutory and technical in nature, a court should ordinarily set one aside unless the movant either fails to present a reasonable excuse for the neglect or fails to show he has a meritorious defense to the merits of the action."  Id.

This Court gave Plaintiff an opportunity to present a meritorious defense by its Order of December 22, 2006.  See Doc. 38.  Accordingly, Defendant's present Motion requires the Court to reexamine whether default judgment is proper in light of Plaintiff's asserted defense.

### III. ANALYSIS

Defendant seeks judgment on its counterclaim in the amount of $123,892.10, because Plaintiff allegedly admitted its liability for invoices totaling that amount, and did not assert a defense as required by this Court's previous Order. A review of Plaintiff's Answer to Defendant's Counterclaim confirms this characterization of the facts.

In paragraph 6 of Defendant's Answer, Plaintiff states that

> [t]he allegations with respect to the Defendant/Counterclaim Plaintiff's invoices numbered, 83254 [through] 84772, totaling $123,892.10, <u>are admitted</u>. With respect to the remaining invoices [totaling $55,273.14] itemized in the Affidavit of Tidewater Fibre Corp. . . ., the Plaintiff/Counterclaim Defendant denies that the Defendant/Counterclaim Plaintiff sold it goods which conformed to the agreement of the parties, which was single stream paper.

Doc. 39 ¶ 6 (emphasis added). Plaintiff clarifies its admission of liability throughout the Answer, and takes pains to distinguish its admissions as to the invoices for $123,892.10 and its denial of liability for the other $55,273.14 in invoices. Id. ¶ 7 ("Plaintiff/Counterclaim Defendant admits only that the invoices enumerated in paragraph 6 herein above represent conforming goods pursuant to the parties' agreements."); id. ¶ 9 ("The allegations contained in paragraph 9 of the Counterclaim are denied with respect to those invoices not enumerated in paragraph 6 hereinabove."); cf id. ¶ 11; Doc. 39 ¶ 11.

This Court's Order required that "Plaintiff must file a verified answer <u>setting forth its defense to Defendants' counterclaim, specifying the individual invoice or invoices to which its defense applies</u>, within twenty (20) days of December 21, 2006." Doc. 38 at 1-2 (emphasis added). Plaintiff has asserted no defense to the invoices enumerated in paragraph 6 of its Answer, for goods and services valued at $123,892.10. Doc. 39 ¶11. Plaintiff has asserted a

defense only to those alleged non-conforming goods pertaining to invoices totaling $55,273.14. Id. ¶ 13. Plaintiff, in failing to provide a legitimate defense to its failure to pay for the enumerated invoices, asked only that the court "defer judgment with respect to $123,892.10 until the validity and amounts of its claims against the Defendant can be determined," so that the Court may "set off" its debt with any payment on Plaintiff's primary claim. Id. at 3 (Wherefore Clause); id. at ¶ 18.

The remedy provided by this Court in its previous Order, in the event that Plaintiff should fail to assert a defense to any of the invoices included in this matter, was to uphold the Clerk's entry of default, thereby granting judgment in favor of Defendant on any invoices to which a legitimate defense is not asserted. See Doc. 39 at 2 ("Upon the receipt of such filing, the Court will set aside the entry of default as to any invoice in the counterclaim to which a legitimate defense is asserted."). Plaintitff did not assert any defense; rather, it expressly admitted liability. Accordingly, judgment is **GRANTED** in favor of Defendant for the amount of $123,892.10.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion is **GRANTED**.

The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record.

It is so **ORDERED**.

                                                                        /s/
                                  HENRY COKE MORGAN, JR.
                        SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 26, 2007